UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON M. MALIK,

    Plaintiff,

vs.

Case No. 16-10477
HON. GEORGE CARAM STEEH

EQUIFAX INFORMATION
SERVICES, LLC et al.,

    Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR
CERTIFICATION FOR IMMEDIATE APPEAL (DOC. 51)

This matter is presently before the Court on plaintiff's motion to certify an order for immediate appeal. (Doc. 51). Plaintiff seeks appellate review of the Court's July 19, 2016 opinion and order granting in part and denying in part Defendant RAC Acceptance East, LLC d/b/a Acceptance Now's (RAC) motion to dismiss and compel arbitration. (Doc. 47). The Court did not dismiss the claims against RAC, but stayed the proceedings, "to the extent that they concern defendant RAC," and ordered "that any threshold arbitrability challenges raised by plaintiff be arbitrated in accordance with the terms of the arbitration agreement." (*Id.* at 12). For the reasons stated below, plaintiff's motion is DENIED.

Interlocutory orders staying litigation pending arbitration are not immediately appealable. See 9 U.S.C. § 16(b); *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 311 (6th Cir. 2000). But, the Court may certify its order for appeal pursuant to 28 U.S.C. § 1292(b) if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Plaintiff's motion fails because there is no substantial ground for difference of opinion on the Court's order. The Court was quite gracious with plaintiff in composing this order. The Court conducted a thorough analysis of the sole issue; the validity of the delegation clause. To determine this issue, the Court must determine (1) whether plaintiff raised arbitrability challenges concerning the delegation clause itself and (2) whether any of these arbirtrability challenges have merit. (Doc. 47 at 9).

Though, "at first blush," plaintiff did not appear to satisfy the first component, the Court assumed, for the sake of argument, that plaintiff's argument concerning the rejection letter constituted a proper challenge to the delegation clause. (Doc. 47 at 9). Proceeding to the second matter, the Court went so far as to accept plaintiff's allegations and evidence for

the purpose of the opinion and order at issue, even though the Court was not required to do so.  (*See* Doc. 47 at 11, n.6).  Nonetheless, plaintiff failed to raise a genuine dispute of material fact.  Plaintiff did not dispute the terms of the copy of the Arbitration Agreement provided by RAC.  Further, plaintiff did not dispute that he was required to mail a rejection notice by February 3, 2012 nor state that he did mail the letter in question by this date.  Thus, the Court found that there was no genuine dispute that plaintiff failed to exercise the right-to-reject clause.  As a result, plaintiff's arbitrability challenged lacked merit, the delegation clause is valid, and the parties must submit to arbitration.  There is no substantial ground for difference of opinion on this matter.

Therefore, plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:  January 19, 2017

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 19, 2017, by electronic and/or ordinary mail and also Jason Malik, 13621 Jenny Dr., Warren, MI 48088.

s/Barbara Radke
Deputy Clerk